■ COYNE ELECTRICAL CONTRACTORS, INC., Respondent-Appellant, v KALIKOW CONSTRUCTION CORP. et al., Appellants-Respondents.—In an action to recover damages for breach of contract, the defendants appeal from (1) stated portions of an order of the Supreme Court, Kings County (Kramer, J.), dated October 25, 1985, which, *inter alia,* upon reargument, granted the plaintiff's motion for partial summary judgment, and (2) a judgment of the same court, entered November 6, 1985, which is in favor of the plaintiff, and against them, in the principal sum of $1,192,914, and the plaintiff cross-appeals from so much of (1) the order, as, *inter alia,* denied that branch of its motion which was for summary judgment as to the "K-45" space, and (2) the judgment, as failed to award summary judgment as to the entire amount in controversy.

Ordered that the appeal and cross appeal from the order are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified by deleting from line four of the decretal paragraph thereof the sum of $1,192,914 and substituting therefor the sum of $837,915.69, and by deleting the remainder of the decretal paragraph, commencing with the word "together" in line five and ending with the word "therefor"; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,

Ordered that the order dated October 25, 1985, is modified accordingly.

The appeal and the cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff, an electrical contractor, and the defendants, entered into an oral agreement whereby the plaintiff was to furnish labor and materials for electrical work in certain tenant areas of a building under construction at 101 Park Avenue. In July 1983, when the plaintiff had completed all of the work, it had submitted total billings of $7,400,705 and the defendants had paid it $5,403,000 on account. Thus, the plaintiff claimed that there was a balance due of $1,997,705. Upon the defendants' failure to remit the balance due, the plaintiff commenced the instant action.

In May 1984 the plaintiff moved for partial summary judgment. The plaintiff submitted voluminous documents, including bills, invoices and requisitions, to establish its cause of action. In opposition, the defendants submitted an affidavit from Howard Lazar, a principal of Nico Construction Corp., which was the defendants' construction manager. Lazar averred that the plaintiff had agreed to accept "regular" pay for the first three hours of weekday overtime and the first seven hours of Saturday overtime. However, the defendant did not submit an invoice-by-invoice analysis of the purportedly improper overtime charges. Additionally, Lazar alleged that the plaintiff had so grossly mismanaged the work that it was not entitled to excessive time charges.

The parties also disagreed as to the plaintiff's compensation for labor and services performed on the office space on the defendant Kalikow Construction Corp.'s floor, i.e., the "K-45" space. The plaintiff alleged that it was to receive its costs, i.e., time and materials expended, plus 10% overhead and 10% profit. It submitted a figure of $804,791 as the amount due on "K-45" as of February 1, 1983. The defendants countered that the plaintiff had overcharged for "K-45". Lazar stated that the parties did not agree to a "cost plus" basis of compensation. Moreover, he alleged that the plaintiff's charges for the "K-45" space amounted to more than $25 per square foot. In contrast, a "complicated" electrical job should cost $8 to $12 per square foot.

Special Term found that the defendants had not submitted

sufficient proof to raise triable issues of fact except for the "K-45" space. With respect to the "K-45" space, Special Term held that an issue of fact was presented as to that space because Lazar had specifically supported the allegations that the plaintiff had overcharged for the space by two thirds to one half of the proper amount. The court's granting of partial summary judgment, however, was conditional, as the defendants were offered an opportunity to submit a full factual presentation within 30 days of service of an order.

Subsequently, the plaintiff moved to reargue its motion for partial summary judgment. Upon granting reargument, Special Term adhered to its initial determination. However, the court made the granting of partial summary judgment unconditional. Several months later, the defendants finally moved to renew and/or reargue the motion for partial summary judgment. Special Term denied the motion in all respects. We disagree insofar as the defendants' motion addressed (1) whether the plaintiff agreed to accept "regular" rates for certain overtime periods and (2) the issue of the proper amount of "backcharges", i.e., credits, against the plaintiff's billings.

On its motion to renew and/or reargue the plaintiff's motion for partial summary judgment, the defendants submitted an analysis of the allegedly improper overtime charges as to each tenant's space. The defendants computed that the plaintiff had overcharged them the total amount of $250,900.31 for "grace period" overtime. This amount was arrived at by computing the difference between the applicable overtime and regular pay rates and multiplying it by the number of "grace" hours charged. Inasmuch as the plaintiff contends that it did not agree to accept "regular" rates for the purported grace period, there is a triable issue of fact presented.

Furthermore, the defendants alleged that they were entitled to certain credits against any amounts owed to the plaintiff. In particular, the defendants sought "backcharges" for (1) materials ordered but never supplied, (2) work requested but never performed and (3) additional work required to repair or replace work initially performed improperly. The "backcharges" allegedly total $104,098. Thus, a triable issue of fact has been raised as to the amount of backcharges.

However, the remainder of the defendants' contentions as to any disputed amounts, i.e., work completed without purchase orders and delays resulting from the plaintiff's mismanagement were completely unsubstantiated. Thus, Special Term

did not err in granting the plaintiff partial summary judgment as to these allegations.

The plaintiff also brought a motion pursuant to CPLR 5001 to fix interest on the amounts due and owing. A schedule was submitted setting forth the plaintiff's monthly applications for payment and the amount paid on account by the defendants. The plaintiff argued that it was entitled to interest on each monthly bill where the defendants failed to remit the full amount due. In opposition, the defendants stated that the plaintiff was not entitled to payment for 100% of the monthly bill. They argued, in the alternative, that the parties had agreed to a 10% retainer, or that the plaintiff had engaged in a course of conduct acquiescing or agreeing to payment of less than the full amount due.

Special Term awarded interest on 90% of all amounts due and owing as of any particular due date. However, the court also stated that the parties had presented an issue of fact as to the time and method of payment. Special Term erred in awarding interest without specific findings of fact as to the nature of the parties' agreement. If the plaintiff's position is correct, then payment was due in full, immediately upon submission of the monthly bill (see, Lowy & Donnath v City of New York, 98 AD2d 42, 44, affd 62 NY2d 746). The defendants aver that the parties had agreed to either (1) a 10% retainer or (2) less than full payment through a continuous course of conduct. Thus, the matter must be remitted to the Supreme Court, Kings County, for consideration of the factual issues of whether the parties agreed to full, or less than full, remittance on each of the plaintiff's monthly bills, and appropriate interest may then be determined.

The parties' remaining contentions on the appeal and the cross appeal have been considered and found to be without merit. Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.